The next case on the calendar is United States of America v. Robertson, and we have Ms. Hayes for the appellant, who is reserved three minutes for rebuttal. Good morning, Your Honors. This is Tracy Hayes on behalf of Alvin Robertson. Good morning. May it please the court. The sentence in this case is substantively unreasonable. In this case, the district court failed to properly take into account the fact that Alvin was made by the Connecticut state officials 20 years prior to the sentence, a decision that could not have been rectified previously, but only by the district court in 2019 by way of being lenient at sentencing. As a result, his guidelines range, while it was technically correct he was a career offender, was a gross, I would say, over-categorization of his past, and it resulted in a sentence that was higher than necessary to serve the goals of sentencing in this case at this time, given who Mr. Robertson was at the time of sentencing. Well, Mr. Hayes, first of all, the sentence was below the guidelines range, right? And the judge did specifically say on multiple occasions that this issue was being considered, he understood the issue, so it was taken into consideration. You just don't, you think it should have been given more weight than the district court gave it, correct? That's correct, Your Honor. That is fair assessment of our argument, but I could further explain to the court why. And I think what matters here are the dates. So, specifically, when Mr. Robertson appeared in the state court, the last time he appeared in the state court, he was arrested in February of 1996. He was sentenced in August of 1996. I think we all understand this issue that he could have, it was an error with respect to the parole date, and that he, as a result of that, the release date might have been beyond 15 years, potentially. I think that's understood, but the issue I have with that argument is the whole, the career offender provision is designed to measure a person's likelihood of recidivism, their ongoing dangerousness. So, even if there was a mistake on his release date, the bottom line is he committed a robbery within 15 years of when he got out of jail, which does demonstrate this issue of recidivism and dangerousness. So, what I'm suggesting to you is the district court can still say, look, yeah, he should have been released earlier, but the fact of the matter is he committed another robbery within 15 years from his release, and actually the district court did say that he's, you know, it's an issue of public safety. So, I'm not sure that the error in the release date doesn't undermine the idea that he continued to be dangerous as a result of committing robberies within a certain period of time after he was out of jail. Do you understand what I'm saying? I do understand what you're saying, Ron. What I would say in response is, obviously, the court's correct. The career offender provision looks at recidivism and takes that into account when making that finding and sentencing someone to career offender status or that guideline range. But here, unlike what we see typically, he was released, had he been released one month earlier when he was supposed to be released, one month, then he would not fall within the career offender range. So, we're not talking two years or five years or making a filing and then thus making an argument that the career offender status or the career offender provision is unfair in this case. Why don't we do this then? Why don't we put the career offender provision aside, and the ultimate question is, is 10 years, under the circumstance of this case, shockingly high as the standard for overall. And the fact of the matter is, your client pled guilty to five robberies here. He had six prior state convictions for robbery, one federal bank robbery conviction. He served five years on one, 15 years on another set of them. So, a 10-year, you're saying we should conclude that a 10-year sentence for someone with that criminal history and conduct in this case is shockingly beyond the permissible discretion of a district judge? Well, your honor, had the court, had the district court taken into account, and we're not, if not even looking at the career offender, have they taken into account... Right, put the career offender aside. Right. And had they had it taken into account, perhaps what the party stipulated to in the plea agreement, where he would have been looking at 84 to 105 months with the adjusted offense level of 23, or in the pre-sentence report, where he would have been a criminal history four, and he would have been looking at 77 to 96 months. Yes, it is shockingly high. And not only is it but I would ask the court to consider, we're talking about someone who was in his mid-50s, who had a traumatic childhood, very much so, that affected him for the rest of his life. That's affecting him now, and that affected him during the time of this case, when he committed, frankly, the crimes in this case. But we're also talking about someone who served the country. He had army service. In the four years that he was in the service, he was discharged as a Sergeant E5 class. After four years, he was asked to stay on and continue with his exemplary service. He wanted to, but he had a family. But we're also talking about someone, given the past, given his army service, someone who had, in his psychological evaluation, and I believe that was in May of 1996, it was said that he was considerably psychiatrically impaired, is what it said. So I'm asking, and I was asking the court at the time, I'm asking the court to consider now by way of answering your question, is if you take into account the guideline range, where if he was not a career offender, either what we stipulated to the parties, or what was in the pre-sentence report, with his background, then yes, it is shockingly high. With his age and everything that I just informed the court of, yes, I believe it is, Your Honor. All right. All right. Thank you, Mr. Hayes. We'll hear now from Ms. Levins. Thank you. Good morning, Your Honors, and may it please the court. Tara Levins, AUSA in the District of Connecticut, representing the United States. Mr. Robertson is challenging the substantive reasonableness of his below-guideline sentence. He argues that the district court should have given more weight to an erroneous parole determination for his 1996 conviction. But as you have heard this morning, the district court was well aware of that error and expressly considered it before imposing a below-guideline sentence of 120 months. That sentence in no way shocks the conscience. It instead falls well within the range of permissible decisions in this case, and it's sufficient but not greater than necessary to achieve the purposes of federal sentencing. Unless there are any questions, the government will rest them as brief and respectfully request that the judgment be affirmed. Let me just ask you, the thing, my memory is, I think that Mr. Hayes pointed to, beyond this career offender enhancement issue, the military service and the other things that you mentioned, I think the district court also went through those potentially mitigating factors as well. Am I correct in my memory of that? Yes, Your Honor, you are correct. You can see that, I think, in the record of PHA 96. In addition to considering some redeeming factors, including Mr. Robertson's work in service, the district judge did also focus, as Your Honors have noted, on the gravity of the offense and Mr. Robertson's significant criminal history. The district judge did spend a considerable amount of time detailing the impact that Mr. Robertson's crimes would have had on workers, including the fear and terror it would have instilled in them. And the judge also noted, as Mr. Hayes noted to Your Honors, that he took into account the difficult upbringing of Mr. Robertson, including a history of abuse, early introduction to alcohol and drugs. But on balance, the district judge considered all of those aggravating and mitigating factors, alongside his careful consideration of the parole error, and did decide to impose a below-guideline sentence of 120 months. And that sentence was not particularly reasonable. All right. Thank you, Ms. Levins. Mr. Hayes, you have three minutes. Thank you, Your Honor. I will be brief. Excuse me. Your Honor, I was just in responding to the government's argument. Again, I would say here, yes, the court did take these things under consideration, these factors. But I would still say that there was an injustice here, and I believe it was a manifest injustice, in light of the case law that was applied to Mr. Robertson from Connecticut, from the Connecticut State Legislature. That affected him. That was five more years in prison when he should have been released. That five more years led to one month where, had he been released within that period of time, he would not have been a career offender, given all of that. Your Honor, I would ask the court for the court's consideration here for resentencing. Thank you. All right. Thank you to both of you, and have a good day. So that completes the argument calendar for today. I'll ask the clerk to adjourn court. Court stands adjourned.